# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                           **PLAINTIFF**

**v.**                  **CASE NO. 4:17-CR-00293-BSM-38**

**SKIPPY SANDERS**                                                      **DEFENDANT**

## ORDER

Skippy Sanders's motion to reduce sentence [Doc. No. 2831] is denied because the retroactive application of Amendment 821 to the Federal Sentencing Guidelines does not reduce his sentencing range. *See* U.S.S.G 1.10(a)(2). Sanders's status as a career offender keeps his criminal history category at level VI. Even if Sanders were not a career offender, his criminal history would remain level VI because his criminal history score would only drop from 20 to 19. Additionally, Sanders's plea agreement provides that he "waives the right to have these sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ." Doc. No. 1288. Because Sanders knowingly and voluntarily entered into his plea agreement, he is not entitled to relief. *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582(c)(2) motion when the record established that the defendant knowingly and voluntarily entered the plea agreement).

IT IS SO ORDERED this 2nd day of January, 2024.

                                                                       /s/ Brian S. Miller
                                                     UNITED STATES DISTRICT JUDGE