FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 04 2024

TAMMY H. DOWNS, CLERK
By:_____R. Moore_____
DEP CLERK

2024 NOV -4 A 11: 34 UNITED STATES DISTRICT COURT

DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                        Case No. 4:17CR00293-38 BSM

SKIPPY D. SANDERS     ,

Defendant.

## STIPULATED MOTION FOR SENTENCE REDUCTION UNDER GUIDELINE AMENDMENT 821

SKIPPY D. SANDERS     by and through undersigned **Pro se**, moves for a sentence reduction based on the Sentencing Commission's retroactive amendments to the criminal history guidelines. *See* 18 U.S.C. § 3582(c)(2); Federal Rule of Criminal Procedure 43(b)(4).

1.    On November 1, 2023, the U.S. Sentencing Commission made Parts A and B, Subpart 1, of Amendment 821 retroactively applicable to previously sentenced defendants. *See* U.S.S.G. App. C., amend. No. 825; U.S.S.G. §1B1.10 (eff. Nov. 1, 2023). Part A of the amendment addresses guideline §4A1.1 status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points.

2.    As a result of this retroactive amendment, a reduction in Defendant's current sentence is appropriate. On 10/23/19     the defendant was sentence to 262 months imprisonment.  At the time of sentencing, and due to the parties' Fast Track Plea

Agreement (FTPA) (Doc    ), which reduced Defendant's offense level by two points, the

defendant's total offense level was 34 and, when combined with a criminal history category

of 6 resulted in a guideline imprisonment range of 262-327 months.

3.    In light of the November 1, 2023, retroactive amendments to the sentencing

guidelines, the defendant no longer meets the criteria for the two "status points" that he

was previously assigned. *See* §4A1.1(e). Therefore, based on the retroactive and current

guideline application, the defendant is now eligible for a reduction from the criminal

history category of 20 . Thus, in calculating the amended guideline range, which does

not include the two-point FTPA reduction, a total offense level of 34 combined with a

criminal history category of 18 results in an amended guideline imprisonment range of

resentencing

4. Due to BOP Policy, prisoners are not allowed to have access
to their Presentence Report(PSR). This prevent prisoner's from a
meaningful review of their Base Offense Level(BOL) and Criminal
History Category(CHC) to determine if Movant should be eligible
for relief. Movant asserts, Appointment of Counsel is needed to assist
him by reviewing the PSR Movant is not allowed to have possession.

5.    A reduction is consistent with the Sentencing Reform Act, the guideline

policy statements, and 18 U.S.C. § 3553(a). If the reduction is less than the amount of time

the defendant has already served, the sentence should be reduced to a time-served sentence.

U.S.S.G. §1B1.10 cmt. n.3. The order will be effective February 1, 2024. U.S.S.G. App.

C, amend. 825.

2

6.    The defendant prays that the Assistant United States Attorney does consult, conclude, and the Government join in the sentence reduction of imprisonment being request. In the Alternative, Movant prays this Court will treat this Motion as a Motion to Receive Pursuant to Title 821 Amendment, and calculate Movant's "status points," and "criminal history points," thus providing Movant with the proper base offense level, criminal history and correcting PSR, consistent with 18 U.S.C. § 3582(c)(1)(A), and 18 U.S.C. § 3553(a).

WHEREFORE, Defendant request that the Court:

(1) Reduce Defendant's sentence of imprisonment; and

(2) grant the Defendant's request (Pro Se Motion for Counsel)

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury and the foregoing all the statements made in this "Certificate of Service" are true and correct to the best of my knowledge. Prior to 5:00 p.m. on 29th day of Oct.24 I placed the attached motion, together with all attachments and supporting papers in the United States mail, in a envelope address to the Clerk of the Court for filing, which is deemed filed the time it was placed/delivered to prison authorities for forwarding per Houston v. Lack, 101 L. Ed. 2d 245 (1988).

United States District Court
C/o Clerk of the Court
600 West Capitol Ave Ste. A-149
Little Rock, AR. 72201

Respectfully Submitted,

x _Skippy Sanders_ Pro Se
P.O. Box 5000 Yazoo City U.S.P.
Yazoo City, MS. 39194